**Memorandum**

LAW OFFICE OF **WILLIAMS & ASSOCIATES**
A PROFESSIONAL CORPORATION

| | |
|---|---|
| Date: | January 18, 2024 |
| Subject: | United States v. Albert Gurley, 2:24-mj-00005-DB |
| To: | The Honorable Carolyn K. Delaney<br>U.S. Magistrate Judge<br>Sacramento, California |
| From: | Betty J. Williams<br>Law Office of Williams & Associates, PC<br>3600 American River Drive, Suite 135<br>Sacramento, CA 95864<br>Telephone: (916) 488-8501<br>Facsimile: (916) 488-8196<br>Email: betty@williamstaxlaw.com |

The defendant, Albert Gurley, is appearing today for his detention hearing, following his interview with the Pretrial Services Officer, Stephanie Mott which occurred yesterday, January 17, 2024. Because of the numerous factors of import to bring to the Court's attention, I submit this Memorandum for consideration.

There is one statement in the Memorandum provided this morning from Ms. Mott which I believe is in error, along with her recommendation.

Specifically, regarding the statement that Mr. Gurley, "…admittedly used marijuana on a daily basis, for three years (while serving a term of supervised release)…" (Memorandum, p. 6 last sentence.) My recollection is that Mr. Gurley stated he began using marijuana to unwind before sleep at the end of each day _after_ serving approximately three years of his supervised release.

The defense agrees with numerous conclusions and statements in the Memorandum, including:

1. Mr. Gurley has not had any trouble with the law since his release in September 2019.
2. Mr. Gurley has five daughters, four of whom are minors (Memorandum, p. 3.) Mr. Gurley also advised Ms. Mott that he is in contact with his teenage daughters and his adult daughter daily (his minor children include twins, ages 14, and a 17-year-old daughter). Since her birth, Mr. Gurley has had his two-year-old daughter every weekend from Friday evening to Sunday evening. (Memorandum, p. 2.)
3. Mr. Gurley has been gainfully employed since he was released. (Memorandum, p. 4.)
4. Mr. Gurley has maintained the same personal relationship with his girlfriend, Shaniece Vasquez. (Memorandum, p. 2.)

5. Mr. Gurley's current employer has provided a letter indicating he has "shown upward mobility with Total Power Solutions and is slated for a lead technician." Further, that he has shown "consistently to be punctual, a quick study for all tasks required and always conducted himself as a professional." Finally, his boss says, "Albert is severely missed at our work place and wishes his return to work to be as swift as possible. He has shown himself to be a solid dedicated [f]amily man and has an impeccable workplace reputation." See attached **Exhibit A**.
6. Mr. Gurley's aunt and uncle are willing to cosign an unsecured bond, in an amount up to $50,000, and if insufficient, they will consider cosigning a higher amount or posting any available equity in their home. (Memorandum, p. 4).
7. Mr. Gurley is willing to participate in the location monitoring program and/or "any other programs required." (Memorandum, p. 2).

A reference has been made to a firearm located from inside a shed at Mr. Gurley's home to which a key was on Mr. Gurley's keychain. (Memorandum, p. 2). Mr. Gurley has explained that his brother (and co-defendant, Ward) is a paraplegic who had to move from one home he was renting (due to the homeowners returning to California and wanting to live in their home), to another home which requires some modification before Mr. Gurley's brother can live in the home (e.g. a ramp must be installed for use with Ward's wheelchair). During the few weeks prior to the execution of the search warrant, Mr. Gurley stated he allowed his brother to store some boxes of belongings in his home and in his shed. Mr. Gurley did not look through the boxes of his brothers, not considering there could be something illegal in the boxes. If this is a concern, we ask the court to **defer a decision today** until the illegal gun and any other items associated with the firearm be tested for fingerprints. Mr. Gurley asserts he has never seen nor touched these items.

It is also noteworthy that the Memorandum mirrors the second sentence in the Criminal Complaint stating the alleged instant offense "occurred between October 2, 2019 through July 3, 2020) (Memorandum p. 2, paragraph 2; Criminal Complaint, p. 1), however the activity Mr. Gurley is accused allegedly occurred in October 2019 only.

A closer review of the Criminal Complaint is concerning because the timeline is as follows:

October 2019 – alleged texts or phone calls including Mr. Gurley during which the Special Agent, Brian Nehring "believed" certain statements meant something implying illegal activity.

In 2019, co-defendant Mejia-Nolasco was arrested for the possession of heroine and fentanyl which supposedly was arranged by Mr. Gurley (Complaint, p. 3). Why was nothing done with Gurley then, if he was culpable?

In May, 2020, co-defendant Greenhalgh was arrested and nearly two kilos of heroine was seized. (Complaint, p. 19, following paragraph 68.)

In June, 2020, co-defendant Byrd was arrested and several thousand fentanyl pills were seized, along with multiple firearms. (Complaint, paragraph 74.)

It appears nothing has happened since June, 2020.

In January, 2023, DEA in Louisiana arrested co-defendant Gonzalez, Jr. (Complaint, paragraph p. 24, paragraph 86.)

Now, almost five years later and practically on the eve of the Statute of Limitations expiring, the criminal complaint has been filed. Mr. Gurley is not accused of activities past October 2019. He has proven not to be a threat to his community, despite not having a bond posted or wearing an electronic monitor.

Now that three of the other co-defendants who were not arrested over the past five years are going to have to address their activity (Yancy, Hunter and Ward), it could be years before this case is resolved, during which time Mr. Gurley could be actively working, and most crucially, involved in the lives of his children. I do not need a citation to support the notion of the importance of a father-figure in the lives of children, especially if the parents are not cohabitating, and particularly for children of color.

Mr. Gurley is willing to participate in electronic monitoring and whatever other requirements the Court would require to ensure he will appear before the court whenever required.

If Mr. Gurley has not been a threat since his release nearly five years ago, it is reasonable to conclude he is not a threat today. If his alleged activities were such a concern five years ago, query why no arrest was made at the time.

In the 45-page Complaint, Special Agent Nehring describes activities which he "believe/believed" to mean something unlawful 53 times. He also suspected unlawful activity 14 times. In only 11 references did Specia Agent Nehring "[find]" something to be true, and in every instance, that related to other defendants in this case and not Mr. Gurley.

I respectfully request you release Mr. Gurley so he may continue the lawful life he has been living since his release, allowing the case to proceed in the time required until ultimately the case resolves.

There is no lawful reason to allow behavior from 2019 to go unaddressed if there is a real concern, noting from Ms. Mott's report her concern that the alleged behavior occurred just one week after Mr. Gurley's release. She states, "…the defendant committed the alleged drug-related instant offense **less than one week** after the commencement of his supervised release in Case No. 2;11-CR-00424 (*for a previous federal drug offense*) (Memorandum, p. 6, emphasis in the original.)

This is precisely the reason Mr. Gurley should be released from custody. It doesn't make sense to wait until nearly five years have lapsed from the alleged behavior of concern to create urgency in locking up a defendant.

Respectfully submitted,

*/s/ Betty J. Williams*

Betty J. Williams
Attorney for Defendant Albert Gurley

**EXHIBIT A**

To Whom It May Concern,

In reference to Albert Gurley's work ethic. Albert has shown upward mobility with Total Power Solutions and is slated for a lead technician.

Position. Albert has shown consistently to be punctual, a quick study for all tasks required and always conducted himself as a professional.

Albert is severely missed at our workplace and wishes his return to work to be as swift as possible. He has shown himself to be a solid dedicated.

Family man and has an impeccable workplace reputation.

Thank you,

**Ray L. Lamkin** | Service Supervisor

**Total Power Solutions**| Lic. 925489

**Main:** (707) 392-1189 | **Direct:** (707) 654-5812
**Follow us:** totalmh.com| #tmhnclife